IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL OGIDI-GBEGBAJE,

    Plaintiff,

v.

J.B. HUNT TRANSPORT,

    Defendant.

CIVIL ACTION FILE NO.

1:17-CV-00009-WSD-JFK

## FINAL REPORT AND RECOMMENDATION

The complaint in this civil action, filed on January 4, 2017, alleges that Defendant J.B. Hunt Transport discriminated against Plaintiff Michael Ogidi-Gbegbaje based on his race and national origin by failing to hire him. [Doc. 3]. Pending before the court is Defendant's motion [Doc. 10] to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(5) for failure to perfect timely service. Plaintiff has not responded to the motion to dismiss, leaving it unopposed. See LR 7.1B, N.D. Ga. ("[f]ailure to file a response shall indicate that there is no opposition to the motion").

### I.  Procedural History

The complaint in this matter was filed on January 4, 2017. [Doc. 1]. Fed. R. Civ. P. 4(m), as amended December 1, 2015, requires service of process and a copy of the complaint within 90 days of filing the complaint. Therefore, Plaintiff had until

March 31, 2017, to effect service of summons and a copy of the complaint on Defendant. Because Plaintiff was allowed to proceed *in forma pauperis*, he was directed to complete and return service of process forms to the Clerk of Court. [Doc. 2].[1] Plaintiff prepared and returned the forms indicating that service of process for Defendant was to be made on "Brenton S. Bean, Attorney, Hawkins, Parnell, Young LLP, 303 Peachtree St. NE Suite 400, Atlanta, GA 30308-3243." [Docket Entry dated January 12, 2017]. When a request for waiver of service of process was not returned to the Clerk of Court, a service package - using the information provided by Plaintiff - was prepared and forwarded to the U.S. Marshal Service. [Doc. 8]. A return of service, dated March 16, 2017, was filed indicating that service was made on a receptionist for Mr. Bean. [Doc. 9].

On April 4, 2017, Defendant filed the motion to dismiss asserting that service on Mr. Bean - or Mr. Bean's receptionist - was not effective because neither individual was an agent for service of process on behalf of Defendant. [Doc. 10]. Since the filing of the motion to dismiss, Plaintiff has not responded thereto or attempted to correct service of process.

---

[1] Plaintiff was advised that he was ultimately responsible for ensuring timely service of the complaint and summons on Defendant. [Doc. 4].

Additional facts will be set forth as necessary during discussion of the motion to dismiss.

## II.     Standard of Law

A party who has not been properly served may raise a defense of insufficient process or insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) or 12(b)(5). Binns v. City of Marietta Housing Authority, 2007 WL 2746695, at *2 (N.D. Ga. September 18, 2007). "An objection to service of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.'" Id. (quoting Photolab Corp. v. Simplex Specialty Co., 806 F.2d 807, 810 (8th Cir. 1986), and citing, *inter alia,* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.)). Although a return of service by a Deputy U.S. Marshal "is *prima facie* evidence of proper service[,]" such evidence "may . . . be overcome by strong and convincing evidence" of ineffective service. Id. "The party challenging the sufficiency of the service bears the burden of showing it was improper." Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997). However, the plaintiff ultimately "bears the burden of establishing proof of service of process." Adventure Outdoors, Inc. v. Bloomberg, 519 F. Supp. 2d 1258, 1270 (N.D. Ga. 2007), rev'd on other grounds, 552 F.3d 1290 (11th Cir. 2008). A

3

plaintiff must present "'enough evidence to withstand a motion for directed verdict.'"[2] Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) (citing Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002)).

The court may make any factual findings necessary to resolve a motion to dismiss for insufficiency of service of process "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008); accord Hollander v. Wolf, 2009 WL 3336012, at *3 (S.D. Fla. October 14, 2009) (stating that the court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact regarding the sufficiency of service). And the fact that Plaintiff is proceeding *pro se* will not excuse his failure to timely serve Defendant within the time period required by Rule 4. See Anderson v. Osh Kosh B'Gosh, 255 Fed. Appx. 345, 348 n.4 (11th Cir. 2006) ("a [plaintiff's] *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules"); Townsend v. Equifax Credit Information

---

[2]To determine whether Plaintiff's evidence would withstand a motion for a directed verdict, the court looks "to see whether there could be but 'one reasonable conclusion' given the evidence." Portera v. Winn Dixie of Montgomery, Inc., 996 F. Supp. 1418, 1423 (M.D. Ala. 1998) (citation omitted).

Services, 2009 WL 1883785, at *2 (S.D. Fla. June 30, 2009) (citing McNeil v. United States, 113 S. Ct. 1980, 1984 (1993)).

The court must consider the Rule 12(b)(5) motion to determine whether the court has personal jurisdiction over Defendant before proceeding to consider the merits of any cause of action.  See Madara v. Hall, 916 F.2d 1510, 1513-14 & n.1 (11th Cir. 1990) (citation omitted).  "Service of process is a jurisdictional requirement:  a court lacks jurisdiction over the person of a defendant when the defendant has not been served."  Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).  And "[a] court without personal jurisdiction is powerless to take further action."  Innomed Tech., Inc. v. Worldwide Med. Tech., Inc., 267 F. Supp. 2d 1171, 1173 (M.D. Fla. 2003) (citing, *inter alia*, Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)).

The court will apply these standards in ruling on the motion to dismiss the complaint.

**III.   Discussion**

As noted, Defendant contends that the only attempted service of process in this case was on a non-agent attorney and that this is not effective.  The court agrees.

5

Federal Rule of Civil Procedure 4(h)(1) governs service on a business, such as Defendant, and provides, in pertinent part:

> Unless federal law provides otherwise . . . , a domestic or foreign corporation . . . must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . .

Fed. R. Civ. P. 4(h)(1) (as amended 2007). Service of process can be effected upon Defendant in one of two ways. "First, it can be effected by '[personally] delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.' . . . In addition, . . . Rule 4(h) allows a party to serve a corporation by effecting service in a manner proscribed by Rule 4(e)(1) . . . [which] provides for service 'pursuant to the law of the state in which the district court is located. . . .'" Mettle v. First Union National Bank, 279 F. Supp. 2d 598, 602 (D. N.J. 2003) (citations omitted); accord Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1339-40 (N.D. Ga. 2013) (same). In Georgia, service upon corporations is governed by O.C.G.A. § 9-11-4(e)(1), which requires personal service on "the president or other

officer of the corporation, secretary, cashier, managing agent, or other *agent* thereof . . . ." Id. (emphasis added).

In support of the motion to dismiss, Defendant presented the sworn declaration of Brenton S. Bean in which he states that he "was not an employee of J.B. Hunt Transport, Inc.[,] not the president of J.B. Hunt Transport, Inc.[, not] a registered agent for J.B. Hunt Transport, Inc.[, and not] authorized to accept service of process for J.B. Hunt Transport, Inc." [Doc. 11-1 (Declaration ("Dec.") Bean, ¶ 3)]. He further states that he represented Defendant before the Equal Employment Opportunity Commission ("EEOC") in responding to the charge filed by Plaintiff. [Id., ¶ 4]. Mr. Bean further states that neither his law firm nor his receptionist are authorized to accept service of process for Defendant. [Id., ¶ 5]. Additionally, he asserts that the Deputy U.S. Marshal who attempted service in this case was advised of these facts but, nonetheless, left the summons and complaint with the receptionist. [Id., ¶¶ 6-7].

"'[A] party must have appointed his attorney as his agent for service of process before personal jurisdiction is obtained over the party by service on his attorney.'" Watkins v. Ramirez, 2015 WL 5118365, at *3 (S.D. Fla. August 31, 2015) (quoting Durbin Paper Stock Co. v. Hossain, 97 F.R.D. 639, 639 (S.D. Fla. 1982); and citing Moore, 916 F. Supp. 2d at 1340) (same)). In Van Buren v. Bank of New York Mellon,

7

AO 72A
(Rev.8/8
2)

2013 WL 12106954, at * 2 (N.D. Ga. September 4, 2013), the plaintiffs attempted service on the defendant by serving attorneys previously representing the defendant. Id., at *2. Because the attorneys were not authorized to accept service, the court found that the plaintiffs' "attempt to serve Defendant's prior attorneys does not satisfy either O.C.G.A. § 9-11-4(e) or Federal Rule of Civil Procedure 4(h)(1)(B)" and that the plaintiffs "did not effect valid service of process." Id.; and see Miree v. United States, 490 F. Supp. 768, 775 (N.D. Ga. 1980) (". . . service upon counsel is ineffectual, unless the party has appointed his attorney his agent for service of process, or it is otherwise authorized by law"); Gould v. Latorre, 227 Ga. App. 32, 33, 488 S.E.2d 116, 118 (1997) ("where personal service on an individual is required, service of process on that individual's attorney usually is not permitted . . . [and t]his is particularly true in cases like this involving service of the very complaint which seeks to initiate suit against a defendant") (citation omitted).

The court finds that Defendant has carried its burden under Rule 12(b)(5) by specifically pointing out in what manner Plaintiff has failed to satisfy the requirements for service. Therefore, the burden shifts to Plaintiff to present "'enough evidence to withstand a motion for directed verdict.'" Lowdon PTY Ltd., 534 F. Supp. 2d at 1360 (citation omitted); accord Consolidated Devel. Corp. v. Sherritt, Inc., 216 F.3d 1286,

1291 (11th Cir. 2000); Hollander, 2009 WL 3336012, at *3. Plaintiff has done nothing to meet that evidentiary burden.

Despite being on notice since at least April 4, 2017, that proof of service was lacking and that the complaint could be dismissed on that ground, Plaintiff has made no effort, on the record, to show that service was properly effected. Plaintiff has not responded to Defendant's motion to dismiss the complaint for insufficient service. And he has not filed affidavits showing that service was effected within 90 days of filing the complaint or argued that he had good cause for not serving Defendant. Defendant has not waived service or taken any action "inconsistent with preservation of the jurisdictional objection." Melton v. Wiley, 262 Fed. Appx. 921, 923 n.5 (11th Cir. 2008). Finally, Plaintiff has not requested an extension of time to serve Defendant.

If a plaintiff fails to properly effect service, Rule 4(m) provides, in pertinent part, that "the court . . . must dismiss the action without prejudice . . . *or* order that service be made within a specified time." Fed. R. Civ. P. 4(m) (as amended 2007) (emphasis added). The Rule provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. As noted, Plaintiff has not shown good cause. "'[T]he decision to extend time for service

9

is within the [c]ourt's sound discretion'" in all other instances. <u>Anderson v. Dunbar Armored, Inc.</u>, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009) (citation omitted). <u>Accord</u> <u>Henderson v. United States</u>, 116 S. Ct. 1638, 662-63 (1996) (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments); <u>Horenkamp v. Van Winkle and Co., Inc.</u>, 402 F.3d 1129, 1132 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). The Eleventh Circuit has said that "the district court is required to consider whether the circumstances of the case before it warrant [such] discretionary relief." <u>Melton</u>, 262 Fed. Appx. at 924 (citation omitted).

The circumstances of this case do not warrant the exercise of discretion. For example, when a plaintiff requests an extension but fails to show good cause for failing to serve the defendant, the court has "discretion to extend the time for service of process . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." <u>Melton</u>, 262 Fed. Appx. at 923-24 (quoting <u>Horenkamp</u>, 402 F.3d at 1132-33 (internal quotation marks omitted)). As noted, Plaintiff did not request additional time to make service on Defendant, and the circumstances that have transpired, including, Plaintiff being aware of the defects due to the filing of the motion to dismiss and being on notice of

10

his responsibility to serve Defendant [see Doc. 4] and the failure to respond to the motion to dismiss, show that Plaintiff's failure to serve Defendant is a "predicament . . . of his own making." Id. at 924.  See also Van Buren, 2013 WL 12106954, at *2 (dismissing complaint without prejudice when the plaintiffs, being aware of insufficient service, "failed to take any steps to re-serve Defendant" and "failed to explain or otherwise show good cause for their failure to effect proper service of process"); Pelmore v. Pinestate Mortg. Corp., 2010 WL 520767, at *4 (N.D. Ga. February 8, 2010) (granting motion to dismiss for insufficient service of process because, despite being aware of the defendant's contentions regarding insufficiency of service, the plaintiff "has taken no action to remedy the defects in service within the [90] day period provided for service under Rule 4(m)").

## IV.   Conclusion

For the above reasons, the court **RECOMMENDS** that Defendant's motion [Doc. 10] to dismiss be **GRANTED** and that the complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) for failure to effect service.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule

72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014).  The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED**, this 14th day of June, 2017.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)