# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MICHAEL OGIDI-GBEGBAJE,

Plaintiff,

v.

1:17-cv-9-WSD

J.B. HUNT TRANSPORT, INC.,

Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [12] ("R&R"), recommending that Defendant J.B. Hunt Transport, Inc.'s ("Defendant") Motion to Dismiss [10] be granted and that this action be dismissed without prejudice.

## I.     BACKGROUND

On January 4, 2017, Plaintiff Michael Ogidi-Gbegbaje ("Plaintiff") filed his Complaint [3], asserting a Title VII discrimination claim against Defendant, a Georgia corporation. On January 12, 2017, Plaintiff returned service of process forms to the Clerk of Court. Plaintiff stated, in the forms, that Defendant could be served by delivering the Complaint and Summons to "Brenton S. Bean, Attorney, Hawkins, Parnell, Young LLP, 303 Peachtree St. NE Suite 4000, Atlanta, GA

30308-3243." ([9]).  Mr. Bean, an attorney, had previously "filed a position statement with the Equal Employment Opportunity Commission on behalf of [Defendant], in response to a Charge of Discrimination filed by [Plaintiff]." ([11.1] at 2).

On March 16, 2017, a deputy United States Marshal personally delivered the Complaint and Summons to Mr. Bean's receptionist.  ([9]).  On April 4, 2017, Defendant filed its Motion to Dismiss for insufficient service of process.  On June 14, 2017, the Magistrate Judge issued her R&R, recommending that Defendant's Motion to Dismiss be granted and that this action be dismissed without prejudice.  On July 3, 2017, Plaintiff filed his Opposition to Defendants [sic] Motion to Dismiss [15] ("Opposition Brief"), arguing that this action should not be dismissed because Mr. Bean is Defendant's attorney and Defendant has "actual notice" of Plaintiff's Complaint.  (Opposition at 1).

**II.   LEGAL STANDARDS**

   A.   <u>Motion to Dismiss for Insufficient Service of Process</u>

"A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m)."  <u>Anderson v. Osh Kosh B'Gosh</u>, 255 Fed. App'x. 345, 347 (11th Cir. 2006).  Rule 4(m) provides:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); see <u>Lepone-Dempsey v. Carroll Cnty. Comm'rs</u>, 476 F.3d 1277, 1281 (11th Cir. 2007). "Good cause" for insufficient service exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." <u>Lepone-Dempsey</u>, 476 F.3d. at 1281. "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." <u>Id.</u> "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." <u>Id.</u> at 1282.

Rule 4(h) requires plaintiffs to serve a corporate defendant in one of two ways. First, the defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); see <u>Dyer v. Wal-Mart Stores, Inc.</u>, 318 F. App'x 843, 844 (11th Cir. 2009). Second, "a plaintiff may use any method of service allowed in the state where the district court is located or

where service is made." Dyer, 318 F. App'x at 844. "Under Georgia's Civil Practice Act, service of process must be made on a corporation by personally serving 'the president or other officer of such corporation or foreign corporation, managing agent thereof, or a registered agent thereof.'" Hunt v. Nationstar Mortg., LLC, 684 F. App'x 938, 940-41 (11th Cir. 2017) (quoting O.C.G.A. § 9-11-4(e)(1)(A)); see Clarke v. LNV Corp., No. 3:14-CV-139-TCB-RGV, 2015 WL 11439083, at *4 (N.D. Ga. Apr. 6, 2015). "However, if service on the listed agents cannot be had, the Georgia secretary of state is deemed an agent of the corporation for purposes of service of process." Hunt, 684 F. App'x at 941. "To perfect service on the secretary of state, the plaintiff must deliver a copy of the process to the secretary of state or other agent designed by the secretary of state along with a copy of the affidavit to be submitted to the court pursuant to the Civil Practice Act." Id.

"A Rule 12(b)(5) motion challenging sufficiency of service must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013). If the Rule 12(b)(5) motion meets these requirements, "the serving party bears the

burden of proving its validity or good cause for failure to effect timely service." Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); see Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008). "If the plaintiff presents countering evidence, the court must construe all reasonable inferences in favor of the plaintiff," id., and "the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process," Hollander v. Wolf, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009); see Fru Veg Marketing, Inc. v. Vegfruitworld Corp., 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012).

"Service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." Abele v. City of Brooksville, Fla., 273 Fed. App'x. 809, 811 (11th Cir. 2008); see Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). A litigant's *pro se* status does "not excuse mistakes he makes regarding procedural rules," including rules regarding service of

process. Nelson v. Barden, 145 Fed. App'x. 303, 311 (11th Cir. 2005) (explaining that the court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"); see Valiente v. Bank of Am., No. 1:16-CV-1553-WSD, 2017 WL 65245, at *1-2 (N.D. Ga. Jan. 6, 2017).

B. Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Plaintiff has not filed objections to the R&R. Although his Opposition Brief was filed after the Magistrate Judge issued her R&R, Plaintiff's filing is styled as a response in opposition to Defendant's Motion to Dismiss. The Opposition Brief is untimely, does not refer to the Magistrate Judge's R&R, and does not specifically object to any of the Magistrate Judge's findings and recommendations. The Court thus reviews the R&R for plain error. See id.; see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").[1]

## III. DISCUSSION

On March 16, 2017, at Plaintiff's direction, a deputy United States Marshal personally delivered the Complaint and Summons to Mr. Bean's receptionist. Mr. Bean, an attorney, had previously "filed a position statement with the Equal Employment Opportunity Commission on behalf of [Defendant], in response to a Charge of Discrimination filed by [Plaintiff]." ([11.1] at 2). The undisputed evidence shows that Mr. Bean is not an employee, officer, president, or registered

---

[1] The Court would reach the same conclusions expressed in this Order even if Plaintiff had filed proper objections and the Court conducted a *de novo* review of the record.

agent of Defendant, and is not authorized to accept service of process for Defendant. ([11.1] at 1). Mr. Bean's law firm is not a registered agent for Defendant, and his receptionist is not authorized to accept service on behalf of Mr. Bean or Defendant. ([11.1] at 2). The evidence also shows that, before March 16, 2017, Mr. Bean twice informed the U.S. Marshal Service that neither he nor his law firm was authorized to accept service on behalf of Defendant. ([11.1] at 2).

The Magistrate Judge found that Plaintiff's attempted service of process was invalid under Rule 4(h), and that this action thus should be dismissed. The Court finds no plain error in these determinations. That Defendant is aware of this litigation, and that Mr. Bean's receptionist received Plaintiff's Complaint and Summons, is insufficient to satisfy the requirements for service of process. See Watkins v. Ramirez, No. 13-cv-62448, 2015 WL 5118365, at *3 (S.D. Fla. Aug. 31, 2015) ("A party must have appointed his attorney as his agent for service of process before personal jurisdiction is obtained over the party by service on his attorney."); Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1340 (N.D. Ga. 2013) ("Service upon counsel is ineffectual, unless the party has appointed his attorney his agent for service of process."); see also Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure

8

defectively executed service."). This action has been pending for nine months, and Plaintiff repeatedly has been notified of his responsibility to serve Defendant and of his failure to adequately do so. Plaintiff still has not adequately served process on Defendant, has not shown good cause for his failure to do so, has not submitted any evidence in opposition to Defendant's Motion to Dismiss, and has not sought an extension of time in which to serve Defendant.[2] Defendant's Motion to Dismiss is granted, and this action is dismissed without prejudice for insufficient service of process. See Buren v. Bank of New York Mellon, No. 1:12-CV-4377-CC, 2013 WL 12106954, at *2 (N.D. Ga. Sept. 4, 2013) (dismissing an action for insufficient service of process where "Plaintiffs attempted to effect service upon Defendant by serving attorneys who previously represented Defendant" and where plaintiffs "failed to take any steps to re-serve Defendant," "failed to explain or otherwise show good cause for their failure to effect proper service of process," and the deadline for service had expired under Rule 4(m)).

---

[2] To the extent Plaintiff claims he sent the Complaint and Summons to Defendant by first class mail, this is insufficient. See Nickens v. Jarvis & Cohen, Inc., No. 1:14-CV-1631-TWT, 2015 WL 630446, at *2 (N.D. Ga. Feb. 12, 2015) ("Service of process by mail is insufficient to satisfy either the federal rules or Georgia law.").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE